UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JARRON PRICE, )
)
      Plaintiff, )
)
v. ) 17-CV-4301
)
STEPHANIE DORETHY, *et al.*, )
)
      Defendants. )

### MERIT REVIEW AND CASE MANAGEMENT ORDER

    The plaintiff, proceeding *pro se*, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

    In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

    Plaintiff is currently incarcerated at Pontiac Correctional Center, but his allegations arise out of his incarceration at Hill Correctional Center. Plaintiff alleges that Defendant Martinez, a correctional lieutenant, slammed plaintiff into the ground after plaintiff verbally accused him of being racist. Plaintiff alleges that Defendants Martinez, Lawson, and Peel then dragged him 60 feet to

a segregation cell while repeatedly slamming his head into the ground. Plaintiff alleges he remained in the segregation cell for 5 hours with his hands cuffed behind his back. When Defendant Martinez returned, plaintiff alleges that he sprayed him in the mouth and eyes with chemical spray, stripped plaintiff naked, and marched him naked down the hall in front of 20-30 other inmates and female staff members. Plaintiff alleges that, during this time, he felt a "gloved hand grab his penis." Plaintiff alleges that Defendant Peggy, a nurse, told him she did not have any "medicine" with which to flush his eyes and mouth, and that he should use hot water; however, plaintiff stated at the hearing that he had no access to water. Plaintiff also alleges that Defendant Dorethy, the warden, told the officers to assault him.

Plaintiff states an Eighth Amendment claim for excessive force and the allegedly humiliating strip search. *See King v. McCarty*, 791 F.3d 889, 897 (7th Cir. 2015). Plaintiff, however, does not state a retaliation claim because verbally accusing a correctional officer of being racist in front of others is not protected speech in the prison context. *See Watkins v. Kasper*, 599 F.3d 791, 797 (7th Cir. 2010). Plaintiff also states a claim for deliberate indifference to a serious medical need against Defendant Peggy for not providing water with which to flush out his eyes and mouth.

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states Eighth Amendment claims for (1) excessive force and the humiliating strip search against Defendants Dorethy, Martinez, Lawson and Peel and (2) deliberate indifference to a serious medical need against Nurse Peggy. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied

as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to

compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to attempt service on the defendants pursuant to the standard procedures.

12. Plaintiff's motion for counsel [5] is denied, with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Although Plaintiff states he wrote to several lawyers, a plaintiff typically satisfies this requirement by attaching copies of the letters he sent and any responses received. Plaintiff has not attached any copies of letters. Plaintiff also states that he has been diagnosed with a mental health disorder and that another inmate helped him with drafting his pleadings, but, at this stage, the Court cannot determine how Plaintiff's mental health condition affects his ability to litigate, or accurately assess his writing capability. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

Entered this 26th day of January, 2018

/s/Harold A . Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE